McIntosh v. Livingston.

McINTOSH v. LIVINGSTON.

1. **Appeal:** NOTICE: CONTESTED ELECTION. Where a verbal notice of appeal from the judgment of a court of contest, in a contested election case, was given at the time the judgment was rendered, and thereupon the parties made an agreement respecting the custody of the ballot box, it was *held* that the appeal should not be dismissed for insufficiency of notice. Whether or not a written notice might be necessary, if the notice of appeal were unaccompanied by other action, *quære.*

2. **Evidence:** PRESUMPTION: ELECTION. In the trial of a contested election case, evidence respecting mistakes made in the count of votes for other officers voted for at the same election, is immaterial.

3. ———: OPINION OF WITNESS: ELECTION. Where the custodian of the ballot box had testified respecting the condition of the box and ballots, it was *held* not to be error to exclude his opinion as to whether or not the box had been tampered with, since all the facts upon which the opinion was based were in evidence, although such opinion might have been admissible.

4. **Verdict:** FINDING OF COURT. The finding of a court in matters of fact, like the verdict of a jury, will not be interfered with where the evidence is conflicting.

*Appeal from Boone Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

AT the October election, 1874, these parties were competing candidates for the office of clerk of Boone county. According to the returns from the several election precincts, Livingston received ten hundred and ninety-seven votes, and McIntosh received ten hundred and eighty-four votes, Livingston's majority being thirteen votes. A certificate of election was accordingly given to Livingston. In due time McIntosh gave the requisite notices, etc., that he would contest the election, on the ground that there was a mistake made in the count of the votes by the judges and clerks of the election at the precinct of Boone, whereby sixty votes which were cast for him were counted for Livingston, so that the count from that precinct, which was returned as being 305 for McIntosh and 143 for Livingston, should have been 365 for the former and 83 for the latter.

The court for trying the contest was duly organized, and the cause was tried November 27, 1874, and resulted in a judgment in favor of the contestant, McIntosh, for the office, and for his costs. The judgment was duly excepted to by Livingston at the time, and he then gave verbal notice of appeal, and, by agreement of parties then made, a person was appointed to take charge of the ballot box and ballots, and he took possession thereof accordingly.

From that judgment Livingston appealed to the Circuit Court, and upon trial there the judgment of the court of contest was reversed, and judgment rendered for Livingston. From that judgment McIntosh appeals.

*Wright, Gatch & Wright,* with *Hull & Ramsey,* for appellant.

1. Notice of appeal from the judgment of the contest board should be given within twenty days (Sec. 716, Code), and such notice should be in writing. Whenever notice is required, and no provision to the contrary made, it must be in writing. The notice contemplated in cases of appeal or proceedings in court or special proceedings, is a written one in all cases. (Code, Secs. 459, 1194, 2114, 1216, 1455, 1831, 3178.) The fact that a bond was given does not affect the case, since the bond is only required when the appellant is the incumbent.

2. It was material and competent to show that other mistakes were made in the count for other candidates voted for at the same time, especially since it appears that all the mistakes were in favor of one side.

3. The opinion of a witness (the auditor of the county, and clerk of the board of contest) respecting the comparative condition of the box when it was sealed up, and when he was testifying, was competent.

4. If it was proper to show that the ballots had been changed, it was competent also to show that the box was kept where the town books and mayor's records were kept, and that the same degree of care was exercised over both.

Appellants are not required to establish beyond doubt, that the ballots could not have been tampered with. (*People v. Halden,* 28 Cal., 123.)

*Nourse & Kauffman,* with *I. N. Kidder,* for appellee.

The same presumptions attach to the findings of the District Court, upon the facts, as to the verdict of a jury. (*The State v. Haskell,* 20 Iowa, 279.) The statute does not prescribe the form of notice of appeal in a case of this kind, or direct that *any* notice be given. That a verbal notice was given at the time of judgment while all the parties were in court, and the fact of notice was matter of record, makes the record as complete as that required by Sec. 3588 of the Code. Evidence drawn from the condition of the ballot box, after it

has remained for a time substantially unprotected, is unsatisfactory and inconclusive. (*People v. Sackett*, 14 Mich., 327.) To impeach the original tally sheet, it must be made affirmatively to appear that all the ballots were present in their original condition. This will not be presumed after the regular board of canvassers has dissolved, and the ballots remained for a time in an exposed condition. (*The State v. Donnewirth*, 21 Ohio St., 220.) The case cited by appellant (28 Cal., 123), arises under a different statute, and is not applicable to the present case.

COLE, J.—The first question made here is upon the sufficiency of the notice of appeal from the judgment of the court of contest to the Circuit Court. The stat-

1. APPEAL: notice: contested election.

ute (Code, Sec. 716), provides that the party against whom judgment is rendered by the court of contest may appeal within twenty days to the Circuit Court, but does not prescribe how the notice of appeal shall be served. In this case it appears that verbal notice of appeal was given and entered of record by the court of contest before it adjourned; and, acting upon such notice, the parties made an agreement as to the custody of the ballot-box and ballots pending the appeal. Without determining whether a written notice might not be necessary in an ordinary case, it seems to us that the giving of this notice by Livingston and the recognition of it, and the agreement upon it by McIntosh, operated as a waiver of any further notice. By analogy, also, to the regulations for appeals from justices of the peace (see Code, Sec. 3588), such a notice as given in this case would be sufficient. The sections of the Code referred to by counsel for appellant, as requiring notice to be in writing, expressly require that such notice shall be in writing (see Code, Secs. 469. 1254, 1831, 3178). By the statute providing for appeals from a court of contest, it is not specified that the notice thereof shall be in writing. There was no error, therefore, in refusing to dismiss the appeal.

I. The appellant in this court, upon the trial of the contest before the Circuit Court, introduced certain witnesses and

2. EVIDENCE: presumption: election.

asked if mistakes as to other candidates voted for at the same election were not also found in the

count. Upon objection the court excluded this, for the reason that it was immaterial. A mistake as to one candidate would furnish no ground for supposing a mistake as to another. *Bryan v. Berkley*, Littell's Sel. Cases, 91; *Thornberry v. Cheverhill*, 4 Monroe (Ky.), 732.

III. The appellant here also asked another witness, who testified as to the condition of the ballot-box when it was deliv-

3. ——; opin- ered to the custodian, and also from the time of the
ion of wit-
ness: election. canvass by the judges and clerks of the precinct, and after he had testified fully respecting the condition of the ballots and the box, he was asked his opinion as to whether the box had been interfered with and to this question the court sustained an objection and excluded the answer. This exclusion is assigned as error.

While it would not have been error to have admitted the answer, yet since all the facts upon which the opinion of the witness must have been grounded were given to the court who tried the question of fact, we could not interfere with his judgment, simply because he had refused to hear the opinion of the witness.

IV. The ballot-box had been kept in a room more or less frequented and sometimes left open or unlocked, and another witness introduced by appellant was asked whether or not the town books and mayor's records were kept in the same room with this box. This was objected to as immaterial, and thereon excluded. There was no error in its exclusion, for the question was as to the care taken of this box and not that of any other.

V. The main point relied on for reversal, however, is that the finding of the court was not warranted by the testimony.

4. VERDICT: It may not be improper to say that, as an original
finding of
court. question, probably no member of this court would have found the fact as it was found by the court below; and yet, that there was evidence upon which that finding may rest, cannot be well disputed. The testimony of the judges and clerks of election who made the original count upon which the contest was made, is very direct as to the correctness of such count; and although the evidence does not show definitely or certainly that

the ballot-box containing the ballots was actually interfered with and the ballots changed, yet it does show abundant opportunity for such change.

Again, the claim of this appellant was that a mistake of just sixty ballots was made in the count. The ballots themselves show that the mistake was surely not that, but some other number.

But no material advantage is gained by discussing this question of evidence. We dispose of the case upon the general principle so often heretofore announced, that where there is a conflict of evidence, and the court has found for the one party or the other upon that conflicting evidence, this court will not interfere.

AFFIRMED.