Collins v. Chantland.

COLLINS ET AL. v. CHANTLAND ET AL.

1. **Homestead:** ACTION TO CHARGE WITH LIEN: HOMESTEAD RIGHT MUST BE ASSERTED. One who, through ignorance of his homestead rights, neglects to assert them in defense of an action to charge the property with a lien, cannot afterwards maintain an action to prevent the enforcement of the lien.

2. ——: ——: INTEREST OF MINOR IN. A minor has not such an interest in the homestead of his parents as will defeat the enforcement against it of a lien which is valid against the parents.

*Appeal from Webster Circuit Court.*

THURSDAY, APRIL 18.

IN chancery. A demurrer to the petition was sustained. Plaintiffs appeal. The facts of the case appear in the opinion.

*J. F. Duncombe* and *A. N. Botsford,* for appellants.

*O'Connell & Springer,* for appellees.

BECK, J.—I. The petition alleges that Alice McNamara instituted an action against Peter Maloney for injuries sustained by reason of sales of intoxicating liquors to her husband; that Collins was made a party to the action, and a lien was claimed against his real estate occupied by Maloney, where the liquors were sold. A verdict and judgment were rendered against Maloney, and the jury found that Collins' property was occupied and used for the sale of the liquors with his consent. The judgment was declared to be a lien upon the property, and a proper judgment enforcing it was entered. A special execution was issued upon the judgment, and the property is about to be sold thereon.

1. HOMESTEAD: action to charge with lien: homestead right must be asserted.

The petition alleges that the property was occupied by plaintiff and his family as a homestead; that, being ignorant of his rights, he did not set up the homestead character of the property as a defense against the action, and that Alice and Joseph, his minor children, who unite with him as plaintiffs, are interested in the action, the property involved therein being their home. The petition further charges that the order declaring the judgment a lien on plaintiffs' property was entered by the clerk after adjournment of the term, without direction or authority of the court.

Collins v. Chantland.

A demurrer to the petition was sustained. This ruling presents the question demanding our attention in this case.

II. It may be conceded, for the purposes of this case, that the property was occupied as a homestead, and that the provision of Code, § 1558, exempting homesteads in cases of this kind, is applicable to property leased for the sale of intoxicating liquors. This point we do not decide, but, as will be seen, dispose of the case on other grounds.

III. The plaintiff Collins was a party to the action wherein judgment was rendered against his property. Any defense which he had to the claim for a lien made against him should have been made in that action. Failing to make such defense, he cannot resist the enforcement of the judgment upon the ground that the property is exempt from the lien. The question of the lien is *res adjudicata.* His ignorance of his rights at the time the judgment was rendered is no ground for setting it aside. These positions rest upon elementary principles that need not be stated here.

IV. It is insisted that the minor children of Collins, who are parties to this suit, have rights in this homestead, and that, as they were not parties to the original action, their rights may be protected in this action.

2. ——: ——: interest of minor in.

It is true that the children have an interest in the homestead, but it is not an interest that the law will enforce against the parent, or that is held free of the parent's contract or act intended to affect it. The parents may mortgage the homestead: the children cannot be heard to object to the foreclosure of the lien; the parents may alienate or abandon the property as a homestead: the children have no rights which can be interposed to defeat such disposition of the property. They have none which will defeat the lien in this case. Smyth's Homestead Exemption, § 72.

V. It is lastly urged that the judgment was rendered after the adjournment of the term, and without the direction or authority of the court. The judgment is not shown to be contrary to the pleadings and verdict. Its entry was a matter of

course, and, under proper circumstances, could have been made after the term. It is certainly not void. If irregular, or irregularly entered, it should be corrected upon motion, which is an open way to an adequate remedy, if any wrong has been done in the matter.

No other questions arise in the case. The judgment of the Circuit Court is

AFFIRMED.