## SMITH v. CUMINS & Co.

1. **Clerk of Court:** RECORD ENTRIES. The judge's calendar furnishes the data from which the record entries are made by the clerk, and he has no authority for entering any decree not warranted by the entries in such calendar.

2. ——: ——: CODE. SECTION 2866. Section 2866 of the Code, providing for a complete record in actions in which the title to real estate is involved, does not apply to an action to charge land in the hands of a grantee with debts of his grantor, where the title is in no other respect questioned.

3. ——: ——: ——. In cases to which the statute applies the record should contain only the original notice and return, the pleadings, and the judgment or decree; the evidence should not be recorded.

*Appeal from Dickinson Circuit Court.*

### FRIDAY, OCTOBER 24.

THE defendants, T. Cumins & Co., commenced an action against Joseph L. Bingham and Hannah Bingham, his wife, to subject certain real estate, the title to which was in said Hannah Bingham, to the payment of a judgment against the said husband upon a certain stay bond. It was averred in the petition, in substance, that the title to the land being in said Joseph L. Bingham he made a voluntary conveyance thereof to his said wife, which was fraudulent as against said Cumins & Co., his creditors. An issue was made in the action and depositions were taken. Certain of the depositions were suppressed upon motion, and the "evidence and case" were submitted to the court, and the following entry was made in the judge's calendar. "Decree dismissing plaintiff's bill unless they will file evidence within thirty days, with the clerk of the court, that the land described in the petition was of the actual cash value of more than $600, in April, 1876. If no evidence is filed within thirty days, the bill to be dismissed absolutely  *  *  *  ."

No evidence was filed within thirty days after the adjournment of the term, and the clerk, at the request of the attorney of Hannah Bingham, entered a decree dismissing the plain-

tiff's petition absolutely, and, also, an affirmative decree quieting the title in said Hannah Bingham.

Thereupon the plaintiff herein, who was then clerk of the court, upon his own motion made a complete record of said cause, including the depositions and all other papers filed in the case, and taxed the costs thereof to Cumins & Co. The matter of the costs for making said complete record having been submitted to the court below, upon a hearing the court found that the plaintiff was entitled to recover for recording the original notice and return, petition and interrogatories attached, demurrer to petition, amendment to petition, the answers of the defendants, and the amendments thereto, reply, application for continuance, and decree, and that he was not entitled to fees for recording the other papers filed in the case. Both parties appeal.

*J. A. Smith, pro se.*

*Soper & Allen,* for defendants.

ROTHROCK, J.—I. The clerk had no authority, on his own motion, to enter any decree not warranted by the entries upon the judge's calendar. The entries or minutes upon the calendar serve as a guide to the clerk in making the record entry. The minutes upon the calendar directed a decree dismissing the plaintiff's petition or bill, and nothing more.

1. CLERK of court: record entries.

II. But if such record entry was authorized from the minutes on the calendar, we do not think this is such a case as is contemplated by the statute, requiring a complete record to be made. Section 2866 of the Code is as follows: " In cases where the title to land is involved, and expressly settled or determined, the clerk shall make a complete record of the whole and enter it in the proper book * * * ." The plaintiffs, in the petition to subject the land to the payment of their claim, did not question the title of the wife only so far as it affected them as the creditors of the husband. They claimed that the wife took the land charged with the payment of their claim against the husband. We

2. ——: ——: code, section 2866.

think the statute contemplates only that class of cases where the plaintiff upon the one side claims that he has title, legal or equitable, and the defendant disputes the plaintiff's title, and claims title in himself or another. The evident object of the statute is to preserve record evidence of titles, for the better security of rightful owners, in cases where the title is involved and expressly settled or adjudicated. What was adjudicated and settled in this action? Nothing more than that the plaintiffs had no right to subject the land to the payment of their judgment. The defendant's title was left untouched, and she now holds the land free from her husband's debt to the plaintiff. The dismissal of the petition was not an adjudication that Cumins & Co. had no title to the land, and that the defendant had such title. It was merely a determination that the defendant's land could not be subjected to the payment of her husband's debts. And we may say that the adjudication would not have been other, nor different, if the affirmative decree quieting her title had been pleaded as a cross-petition, and the entry upon the calendar had warranted an affirmative decree in her favor. The dismissal of the plaintiff's petition on a trial upon the merits effectually disposed of the claim made by the plaintiffs.

III. If the case had been such as to require a complete record, the court properly refused to allow costs for recording the depositions, and other papers. Here again we must look to the object of the statute, which is to preserve records of titles. All that should be recorded, in a proper case for recording, is the original notice and return, the pleadings and the judgment or decree. This is a complete record of the whole cause, and shows what was adjudicated. It should not include the evidence. Section 196 of the Code provides that "The records of each court consist of the original papers constituting the causes adjudicated or pending in that court, and the books prescribed in the next section." The next section provides for a record book containing the entry of the proceedings of the court and judgment docket, a fee book, an appearance docket and other books. Now it cannot be claimed that, to make a complete record under the statute,

the entries in the appearance docket, the fee book, etc., should be recorded. The original papers constituting the causes include the original notice and return, and the pleadings, including motions and demurrers, and not the evidence. The cause will be affirmed on plaintiff's appeal, and upon defendant's appeal it will be

REVERSED.