## IN RE ESTATE OF EDWARDS.

1. **Divorce**: BURDEN OF PROOF: EVIDENCE. In an action against an estate by a person claiming to be the widow of the deceased, where the allegation of marriage was not denied, and the burden was upon the defense to establish a divorce, or the illegality of the marriage, evidence tending to prove the marriage was immaterial and properly excluded.

2. ———: RECORDS DESTROYED: SECONDARY EVIDENCE. Where all the court records and papers, pertaining to a certain action for divorce, are shown to have beeen destroyed by fire, secondary evidence thereof is admissible; and the party may prove by parol the memoranda made by the judge upon his calendar, showing that a decree of divorce had been ordered in the case by the court, as tending to show that a decree of divorce had been entered of record.

3. ———: ———: ———. In such case parol evidence of the contents of the petition, and the relief prayed for, is admissible.

4. ———: ADMINISTRATOR: TESTIMONY OF PARTY TO TRANSACTION. Where the testimony of the administrator was of a negative character, as that a certain transaction did not occur to his knowledge, it will not authorize the other party, under section 3639, Code, to give testimony showing there was such a personal transaction between her and deceased.

5. ———: EVIDENCE: PRESUMPTION OF INNOCENCE. Where the records had been destroyed, and no evidence could be adduced that the decree of divorce had ever been entered of record, but the appellant had married again, and, unless divorced, was guilty of bigamy. The presumption of innocence rather than guilt should be indulged; and in the absence of satisfactory evidence to the contrary, such presumption, added to the proof that a decree of divorce was ordered by the court, would be sufficient to establish a legal divorce.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 6.

MARY Y. ARNDT filed a petition in said court in which it was stated " that prior to the death of said William Edwards, she was his legal wife, having been duly married to him some time prior thereto; that at the time of the death of said Edwards she was his wife, and after his decease his widow; that said Edwards died intestate, leaving petitioner

as his widow, entitled to one-half of his personal and real estate," and appropriate relief was asked. The administrator filed the following answer.

" That the pretended marriage of petitioner with deceased *was duly declared null and void in the year of 1873*, either by *the District or Circuit Court of Howard county, Iowa* (which Court administrator is unable to state, as the records have been destroyed by fire), *but a decree was duly rendered therein*, annulling said marriage, and divorcing said decedent from petitioner before the death of said decedent.

"That at the time of the alleged marriage of petitioner to decedent, petitioner was married to another man.

"That after the annulling of the marriage as aforesaid, petitioner was married to one Baker, and lived with him as his wife after the death of said decedent, and claimed to be the wife of said Baker.

"That administrator denies that petitioner is the widow of decedent, and states that petitioner has often acknowledged the divorce."

Trial to the court. The relief asked was refused, and Mrs. Arndt appeals.

*Barker Bros., I. Frick* and *Brown & Wellington*, for appellant.

*H. Widner, Sayre, Stoneman, Breckenridge,* and *Reed & Marsh,* for appellee.

SEEVERS, J.—I. Errors have been assigned and argued by counsel, and the evidence discussed as if this cause was triable *de novo* in this court. As counsel have not seen proper to give the action a name, we shall not do so, but consider it as triable both upon error and anew as is provided in equitable causes.

1. DIVORCE: burden of proof: evidence.

It is essential to a consideration of some of the errors discussed by counsel to settle what issues are presented in the pleadings. The petition alleges a marriage between Edwards

In re Estate of Edwards.

and the appellant. This is not denied in the answer, and must, therefore, be regarded for all the purposes of the case as an admitted fact. Code, § 2712. Notwithstanding what has just been stated, appellant introduced, without objection, evidence tending to prove the marriage. Other evidence so tending was objected to as being immaterial, and the objection rightly, we think, was sustained. Under the issue presented by the pleadings, the burden was on the appellee, to avoid a recovery, to establish a divorce or the illegality of the marriage as alleged in the answer.

II. If there was a decree of divorce entered of record it was in 1873. There was evidence tending to show the records of the court, or a portion of them, previous to 1876 were destroyed by fire in that year. As tending to prove an action for divorce was commenced by Edwards as plaintiff and a decree therein ordered by the court, one Patterson and others were introduced as witnesses, and Patterson testified he, in 1873, was assistant to the then clerk; that he did not know anything about a decree of divorce, but he saw the judge's calendar and therein was a case of Wm. Edwards against appellant, and an entry of "default, judgment for plaintiff as prayed for in petition, upon payment of costs." This evidence was objected to, but the same was overruled. It is insisted the judge's calendar is not a record, and that the entries therein are merely memoranda of the judge, and therefore not admissible as tending to prove there was a decree. As supporting this proposition *Traer Bros. v. Whitman et al.*, 56 Iowa, 443, is cited. All that was held in that case applicable to the one at bar was, that the entry on the calendar was not the decree, but it was said such entry was "intended for the guidance of the clerk in entering orders and judgments." To the same effect is *Smith v. Cumins & Co.*, 52 Iowa, 143. Now if the entry in the calendar is for the guidance of the clerk, and therefrom he enters the required judgments, it seems to us such entry tends to show a decree was ordered by the court, and this

must precede the actual entry of the decree of record. The calendar had been destroyed, and therefore evidence was admissible as to its contents. The evidence, we think, was admissible.

III.  Against the objection of appellant, Webster and Loomis were permitted to give evidence tending to show they, or one of them, had read the petition in the case of Edwards against appellant, and that the only relief therein asked was a divorce. It is insisted this evidence was inadmissible, because there was no evidence tending to show the petition and papers had been lost or destroyed. Before the evidence was offered it had been stipulated Webster would testify "that all the papers in causes adjudicated or pending, at the time of the fire in 1876, were destroyed." There was other evidence showing the destruction of the papers by fire. We think it was sufficiently shown the papers were not in existence, and, therefore, secondary evidence of the contents of the petition was admissible.

3. —: —: —.

IV.  In 1874 and after, as is claimed, the divorce was obtained, the appellant resided in "Mead's building." The administrator was introduced as a witness by the appellee and testified he knew the appellant when she resided at the place aforesaid, and that he never "saw deceased at appellant's while she lived over the printing office. Deceased might have visited appellant nights." In rebuttal the appellant testified: "I remember living in Mead's building; while there Edwards visited me evenings, five times." On motion of appellee, this evidence was struck out on the ground it was in relation to a personal transaction between appellant and the deceased, and therefore inadmissible under section 3639 of the Code. Thereupon appellant was asked whether, while she lived in said building, Edwards had furnished her with provisions or money for her support, and also, whether while living at said place, Edwards had cohabited with her as his wife. These questions were objected

4. —— : administrator: testimony of party to transaction.

to on the ground above stated and the objection sustained. It is insisted the evidence struck out and that sought to be introduced was admissible, because the administrator had testified in the case to personal transactions between the deceased and appellant.

It is conceded, as we understand, that under the first clause of section 3639 of the Code, the appellant was prohibited from testifying in her own behalf. Her right to so testify is claimed under the last clause of the section. It is as follows: "But this prohibition shall not extend to any transaction or communication, as to which any such * * * administrator shall be examined on his own behalf." The transaction spoken of is a personal transaction between the deceased and the party testifying, and the communication is from one to the other. The statute contemplates that when the administrator, or other representative of the deceased, testifies there was such a personal transaction and describes it, then the party may also testify in relation thereto and give his version of the transaction. In the present case the administrator testifies the deceased might have visited appellant during the night time. This was favorable instead of being adverse to the appellant. The testimony of the administrator was of a negative character; he affirmed nothing. He did not speak of a personal transaction between the appellant and the deceased. At most he simply denied there was any such transaction to his knowledge. We do not think this would authorize the appellant, as a witness in her own behalf, to give evidence showing there was a personal transaction between her and deceased, and describe it or state its effect, or what took place.

V. The next question is, "Has it been established the deceased and appellant were divorced in 1873." In considering this question we shall regard the case as triable anew in this court. The appellant testifies she never was served with notice of any such an action and that she had no knowledge of any such proceeding.

What purports to be a copy of the bar docket for the April term 1873 was introduced in evidence, and it fails to show there was such a cause pending at that term. One of the books being a record of the proceedings of the court, was not destroyed. No decree of divorce can be found therein. The first record, or entry, in this book was made in 1869, and the last in 1876, so that it covers the period when the divorce is claimed to have been obtained. Two decrees of divorce, between other parties, are set out at length in said book, as having been procured at the April term, 1873. The entries in the book are not in regular order. Judgments or decrees rendered, for instance, in 1872 precede a judgment which was rendered in 1870. There was another record book which was destroyed by the fire. There was evidence tending to show the clerk made entries in both of these books during the period of the trial of the action for divorce. The evidence fails to show that any person ever saw the alleged decree or a record thereof.

On the other hand there is evidence which cannot be ignored, that a petition was filed and that a decree of divorce was ordered by the court, and a sufficient memorandum made by the judge in his calendar to enable a decree to be drafted, or the clerk to make the appropriate entry of record that a divorce had been granted. It was the duty of the clerk, under the direction of the judge, to have made a record of all the judgments and decrees of the court which were made at the April term, 1873. It must be presumed, both the clerk and the judge did their duty.

The appellant repeatedly, and to divers persons, after the divorce is claimed to have been obtained, admitted such to be the fact, and afterward she married one Baker, and co habited with him as his wife in the same house at which the deceased boarded. It is insisted the admission of the appellant that there was a divorce should not be considered, because whether there was a divorce or not can only be shown by the record. Whether a decree of divorce was ever en-

tered of record by the clerk we are not entirely satisfied. But that such a decree was ordered by the court and directed to be entered of record, we cannot doubt. This being so, we think the admissions and acts, and conduct of the appellant, should be considered in aid of the presumption that a decree of divorce was in fact entered of record.

That there was a divorce must be conceded, or the other result follows that appellant was guilty of bigamy when she married Baker, and that the deceased so knew. In the absence of clear and satisfactory evidence to the contrary the presumption should be indulged that a divorce had been obtained, and the appellant lawfully contracted the marriage with Baker. The presumption of innocence, rather than guilt, should be indulged. The evidence is quite pursuasive, if not entirely satisfactory, there was a divorce. When to this there is added the presumption of innocence, and the acts and declarations of the appellant, we think the preponderance of the evidence is that the appellant and the deceased were duly and legally divorced. As supporting the views above expressed as to the presumption which should be indulged the following authorities may be consulted: 1 Bishop on Marriage and Divorce, § 444; 1 Greenleaf on Evidence, § 35; *Clayton v. Wardell*, 4 Comstock, 230; *Blanchard v. Lambert et al.*, 43 Iowa, 228. The judgment of the Circuit Court is

AFFIRMED.