Catherine (Katie E.) Burke, Appellee, v. Frank Burke, Appellant.

**Pleadings:** AMENDMENT. The prayer of a petition for separate maintenance may be properly amended after all evidence is taken to ask divorce and alimony.

**Judgments:** FORMAL ENTRY IN VACATION: OBJECTION. While a judgment entered in vacation without consent of parties is void, still where the court in term time announces his decision, entering the minutes of his findings upon his calendar, which is immediately carried to the appearance docket and a record entry made of the same, a mere formal entry of the judgment may be prepared and recorded during vacation; and even if the formal entry in vacation was irregular the judgment would not be void, and the objection to the same should be by motion and not appeal.

**Reception of additional evidence:** DISCRETION. Granting plaintiff in an action for divorce the right to offer additional evidence after submission of the case was not an abuse of discretion, when defendant was allowed sufficient time within which to meet it.

*Appeal from Linn District Court.*—Hon. F. O. Ellison, Judge.

THURSDAY, JANUARY 14, 1909.

REHEARING DENIED SATURDAY, APRIL 10, 1909.

ACTION for separate maintenance, which by amendment during trial was converted into an action for divorce. Defendant filed a cross-bill, and on the issues joined the case was tried to the court, resulting in a decree for plaintiff, and defendant appeals.—*Affirmed.*

*Redmond & Stewart,* for appellant.

*Crosby & Fordyce,* for appellee.

DEEMER, J.—The testimony upon which the action was tried is not before us, and the points relied upon for a reversal are technical and do not go to the merits of the controversy. The action originally was for separate maintenance, bottomed upon cruel and inhuman treatment, endangering plaintiff's health and life. Defendant denied the charge and asked for a divorce from plaintiff based largely upon the same kind of treatment from plaintiff and an inferential charge that plaintiff had been guilty of adultery. After the testimony had been taken, and before the final submission of the case, plaintiff by leave of court amended the prayer of her original petition, and asked for a divorce and alimony, instead of a decree for separate maintenance. The case was submitted at the January, 1907, term of the Linn County district court, which convened January 8th and adjourned March 14th; the submission being taken February 19, 1907. On February 20th the trial court announced its findings granting plaintiff the relief prayed and making the following entry on the judge's calendar:

February 20, 1907. The court finds that the allegations of the plaintiff's petition are true, and she is hereby granted a divorce from the defendant and is given the

care, custody and control of the minor children, and plaintiff is awarded alimony as hereinafter set forth. The court further finds: That the farm in Iowa County is the joint property of plaintiff and defendant, and each owned an undivided one-half interest thereof; that said farm is worth about $70 per acre, or $12,600; that there is a mortgage on said farm for $3,500; that there is about $160 of interest unpaid; that plaintiff and defendant joined in the execution of said mortgage and should contribute to its payment and the payment of the taxes on said farm; that the homestead property in Cedar Rapids, which is occupied by the plaintiff and their children, was obtained by the joint efforts and earnings of plaintiff and defendant; that the said property is worth about $3,000; that the title to it now rests in the defendant; that there is a mortgage on said homestead property for $1,500, with interest amounting to about $100, and which mortgage was signed by both parties; that the defendant is the owner of two lots in Cedar Rapids, which are worth about $1,300, against which there is a lien or claim of about $350. It is ordered by the court: That the farm in Iowa County be sold by the parties on or before the 1st day of December, 1907. That, if the plaintiff and defendant can not agree as to the terms of said sale, or do not join in the conveyance thereof, or for any cause are unable to agree as to the terms or purchaser, then it is ordered by the court that an execution issue from this court, and that the said property be sold at sheriff's sale as provided for sale of real estate. In either event, that the proceeds of the sale of said farm be applied as follows: First, to the payment of mortgage indebtedness on said land and the taxes on same. Second, that the balance of the money be divided equally; one-half to be paid to the plaintiff, and from the remaining portion there shall be paid the mortgage indebtedness against the homestead in Cedar Rapids, for the taxes against said property, and the balance of the unpaid purchase money on the contract for the two lots owned by the defendant in Cedar Rapids, Iowa, also for the taxes due against said property. Third, the costs of this proceeding, including $200 for plaintiff's attorney's fees. Fourth, the following claims of indebtedness. To Carl Simmons, $100, the amount due on note; John and

W. Hard, $350; expense of sidewalk, $27; Dr. Skinner, $140, or such amount as is due him, not exceeding said sum; to Peter Mineck, $100, grocery bill; to Dr. Whitmore, $5; to Keeshen, $10. The court gives and awards to the plaintiff all of the balance of said proceeds of said farm after the payment of the debts and costs and attorney's fees, to be used by her for the support and maintenance and education of the minor children. The court gives and awards to the plaintiff the homestead property in Cedar Rapids and to the defendant his two lots free from any lien which either might have against said property. That the plaintiff is given the rents of farm until the same is sold. The defendant to have the right to visit his minor children at all reasonable times and to have them visit him at reasonable times and places. Judgment and decree accordingly as per enrolled decree, and both parties except.

Notation of this was made upon the appearance docket, and, as we understand it, upon the record book of the court. Thereafter, and on March 16, 1907, a mere formal decree which had been prepared and signed by the judge as of date February 20, 1907, was filed with the clerk of the district court, and this was duly enrolled and entered of record.

The propositions now relied upon for a reversal are: (1) Alleged error of the court in permitting plaintiff to amend her petition; and (2) claimed error of the court in entering a decree in vacation, there being no agreement of counsel that it might do so.

1. PLEADINGS: amendment.

As to the first, it is sufficient to say that a very large and liberal discretion, is vested in the trial court in the matter of permitting amendments to pleadings. They may be filed even after submission, and sometimes after the verdict of a jury, to meet the testimony already adduced. In the instant case, no new facts were charged in the amendment filed. This amendment simply changed the prayer from a claim for separate maintenance to one for absolute divorce. No new issues were tendered, and no additional testimony was adduced after the amend-

ment was filed. The trial court did not err in permitting the filing of the amendment.

It will be noticed that the trial court during term time announced its final conclusion in the case, and that the judge entered upon his calendar a minute of his finding which is much more elaborate than usual.

2. JUDGMENT: formal entry in vacation: objection.

This was immediately carried to the appearance docket, and a record entry made of the same. A mere formal entry was prepared by the judge, sent to the clerk, and by the clerk recorded during vacation. There is nothing unusual in such proceedings, and they differ very essentially from the submission of a case to be decided in vacation. A judgment rendered and entered in vacation, without consent of the parties or any order of court entered during term time, is void. See Code, section 247, and authorities cited thereunder. But judgments and decrees ordered and rendered during term time may be entered in vacation. Code, section 242. *Traer v. Whitman,* 56 Iowa, 443; *Smith v. Cumins,* 52 Iowa, 143. Primarily, a "judgment," except where the signification of the word has been changed by statute, is the decision pronounced by the court upon the matter contained in the record. Thus it has frequently been held that there is a difference between a judgment and the entry thereof. The rendition of a judgment is a judicial act, and the entry upon the record is purely ministerial. Save for some statute, entry of record is not indispensable to a judgment; but it is just as clear that a judgment is essential to the validity of an entry. See Freeman on Judgments, section 38, and cases cited. Under the old practice, and in the absence of statute, it seems that there was a radical difference between the entries of judgments and decrees. A "judgment" can speak but by the record, while a "decree" takes effect immediately after being pronounced by the court. Its enrollment adds nothing to its force nor to its competency as evidence. *Bates*

*v. Delavan,* 5 Paige (N. Y.) 303; *Winans v. Dunham,* 5 Wend. (N. Y.) 47; *Butler v. Lee,* \*42 N. Y. 73; *Lynch v. Rome Co.,* 42 Barb. (N. Y.), 591. In all the cases cited and relied upon by appellant no judgment was rendered. The first evidence thereof was in a recorded decree made and entered in vacation without the consent of the parties or by previous order of court. The distinction between them and the case now in hand is so apparent that nothing further need be added. Moreover, even if the decree were irregularly entered, that fact would not render it void, and defendant's remedy would not be by appeal, but by motion. *Collins v. Chantland,* 48 Iowa, 241. See, as sustaining these conclusions, *State ex rel. v. Henderson,* 164 Mo. 347 (64 S. W. 138, 86 Am. St. Rep. 618). According to the practice prevailing in many districts, judgments and decrees are rendered by the courts; minutes thereof being entered in the judge's calendar for the use and guidance of the clerks, and formal entries of these judgments and decrees being mere ministerial acts are made in vacation after the adjournment of court. This practice is specially authorized by statute and has never before been challenged. Even if such proceedings were subject to objection, that objection can not be made on appeal, but must be presented by motion, as indicated in the *Collins* case, *supra.*

II. The record also discloses that plaintiff was given the right to introduce additional testimony after the case had been argued and taken under advisement. As defend-

3. Reception of additional evidence: discretion.

ant was given five days within which to meet this additional testimony, there was no abuse of the discretion lodged in the trial court in such matters. Moreover, there is no showing as to what this additional testimony disclosed, and without it we should not presume error.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*