Steve **BAUMAN**, et al., Appellants,

v.

**MAPLE VALLEY COMMUNITY SCHOOL DISTRICT,**
Appellee.

No. 02–0686.

Supreme Court of Iowa.

July 30, 2002.

Joseph J. Heidenreich of Dresselhuis & Heidenreich, Odebolt, for appellants.

Derrick R. Franck of Mundt, Franck & Schumacher, Denison, for appellee.

LAVORATO, Chief Justice.

Iowa Code section 62.20 allows a party against whom judgment is rendered in a contested election to appeal within twenty days to the district court. In this contested election proceeding involving a school bond issue, we must decide when the twenty-day time period for appeal began. Under the circumstances of this case, we hold that the time period began when the election contest court orally announced its decision in open court. We therefore affirm the district court's dismissal of the appeal

in this case because the appeal was too late.

## I. Background Facts and Proceedings.

On December 11, 2001, voters in the Maple Valley Community School District (School District) cast ballots in a special election to approve or disapprove the issuance of general obligation bonds, in an amount not to exceed $4,650,000, to provide funds to build and furnish a grade nine through twelve high school building and gymnasium in Mapleton, Iowa. The bond proceeds are to be used in conjunction with a Vision Iowa grant. The school district must issue the bonds by September 15, 2002, to receive the grant.

Of the total 1,837 votes cast, 1,111 were in favor of the bond issue and 726 were against. So the bond issue passed with a 60.47 percent "yes" vote. *See* Iowa Code § 75.1 (2001) (requiring that a school bond issue receive favorable votes of at least sixty percent of total votes cast at special election before bonds can be issued). To change the outcome of the election, at least twenty-three "yes" votes would have to be set aside.

On January 7, 2002, Steve Bauman and a number of others filed a petition with thirty-eight signatures, contesting the school bond election. The contestants challenged approximately ninety of the total votes cast, on claims that the votes were contrary to Iowa Code section 57.1(e) (providing that an election may be contested on the grounds that "illegal votes have been received or legal votes rejected at the polls, sufficient to change the result of the election") and (g) (providing that an election may be contested on the ground that "[a]ny other cause or allegation, which, if sustained, would show that ... the outcome of the election on the public measure

in question was contrary to the result declared by the board of canvassers").

Before trial, the election contest court disposed of a number of challenges on motions by the School District on a 2–1 vote of the court. *See* Iowa Code § 57.7 (providing that election contest court for contest of public measure shall consist of three people). Trial on the remaining challenges was held before the election contest court on February 21, 2002. The contestants withdrew challenges to four ballots. The election contest court rejected by a 3–0 vote challenges to four absentee ballots and by a 2–1 vote rejected challenges to four other absentee ballots.

The presiding judge mailed a written judgment to the Monona County Auditor, who served as clerk of the election contest court. *See* Iowa Code §§ 57.6 (providing that "[a]ll provisions of the chapter in relation to contested elections of county officers [Iowa Code chapter 62] shall be applicable, as near as may be, to contested elections ... *for public measures* except as herein otherwise provided ....")(emphasis added) 62.3 (providing that "county auditor shall be clerk of [election contest] court, and keep all papers, and record the proceedings in the election book, in manner similar to the record of the proceedings of the district court....."). The auditor received the written judgment in the mail on February 22, 2002.

The written judgment had signature lines for all three judges, but only the presiding judge had signed the judgment. The auditor file stamped the written judgment the same day she received it. She then called the other judges and asked that they sign the judgment. One of the remaining judges signed the written judgment on February 22, 2002; the third—the dissenting judge—signed it on February 25, 2002.

On March 18, 2002, the contestants filed a notice of appeal to the district court. This was twenty-five days after the February 21 contest trial, twenty-four days after the auditor filed the written judgment on February 22, and twenty days after the dissenting judge signed the written judgment on February 25.

On March 22, the School District filed a motion to dismiss, alleging that the district court lacked jurisdiction because the appeal was not filed within the twenty-day time period for appealing the judgment of an election contest court, as provided in Iowa Code section 62.20. Following a hearing on the motion, the district court dismissed the appeal. The court held that the time for appeal began "when the election contest court announced its decision on February 21, 2002." Additionally, the court held that "[t]he time for appeal in this case began, at the very latest, when the written judgment was signed by the two concurring judges and filed with the Monona County Auditor on February 22, 2002." Because the appeal was filed after the expiration of the twenty-day appeal period in section 62.20, the court concluded it had no authority to hear the appeal and ruled the appeal must be dismissed.

The contestants appealed.

## II. Issue.

The critical provision here is Iowa Code section 62.20, which provides:

> The party *against whom judgment is rendered* may appeal within twenty days to the district court. . . .

Iowa Code § 62.20 (emphasis added).

Our task is to determine when judgment is "rendered" for purposes of triggering the twenty-day time period within which one must appeal, pursuant to section 62.20. The contestants contend judgment in this case was not "rendered" until February 25, 2002, when all three judges of the election contest court signed the written judgment.

The School District contends judgment was rendered either (1) February 21, 2002, when the election contest court voted and announced its decision in open court, or (2) February 22, 2002, when the judgment, signed by the presiding judge, was filed with the county auditor and signed by the concurring judge. The School District concludes that because the appeal was filed later than twenty days after February 22, it was too late and for that reason the district court lacked jurisdiction to hear the appeal.

## III. Scope of Review.

We review the district court's ruling on a motion to dismiss for correction of errors at law. Iowa R.App.P. 6.4; *O'Hara v. State*, 642 N.W.2d 303, 305 (Iowa 2002).

## IV. Statutory Framework.

School elections are either regular or special. *See* Iowa Code §§ 277.1 (regular election), 277.2 (special election). Special elections may be called irregularly to decide primarily financial and school property issues. Iowa Code § 277.2. Either type of school election may be contested "as provided by law for the contesting of other elections." Iowa Code § 277.22.

Iowa Code chapter 57 sets out the grounds for contesting an election. Iowa Code chapter 62 sets out the procedure for contesting the election. *See* Iowa Code § 57.6 (provisions of chapter 62, the chapter in relation to contested elections of county officers, applies to contested elections for public measures).

The election contest court is comprised of three judges: one designated by the petitioners contesting the election, one designated by the county commissioner of elections, and a third chosen jointly by the

first two designees. Iowa Code § 57.7. If the two judges are unable to agree on a third judge, the chief judge of the judicial district appoints a third person to serve. *Id.* That is what happened here.

Iowa Code section 62.13 outlines the powers of the election contest court:

> [The election contest court] shall have all the powers of the district court necessary to the right [of] hearing and determination of the matter, to compel the attendance of witnesses, swear them and direct their examination, to punish for contempt in its presence or by disobedience to its lawful mandate, to adjourn from day to day, to make any order concerning intermediate costs, and to enforce its orders by attachment. It shall be governed by the rules of law and evidence applicable to the case.

Iowa Code § 62.13.

The election contest court determines whether a school bond issue passed, and can set aside the election if it determines the issue failed to pass. Iowa Code § 62.18. As earlier noted, a party against whom judgment is rendered by the contest court may appeal pursuant to section 62.20.

 The right to contest an election did not exist at common law. *De Koning v. Mellema,* 534 N.W.2d 391, 394 (Iowa 1995). Because any right to contest an election is acquired by statute, contestants must strictly comply with the statutory provisions necessary to confer jurisdiction. *Id.* "[C]ontestants acquire under such statutes only such expressly limited and conditional privileges as the legislature has seen fit to extend." *Id.* (citation omitted).

 When a statute prescribes a procedure for review, that procedure must be strictly followed to confer jurisdiction. *Lau v. City of Oelwein,* 336 N.W.2d 202, 203 (Iowa 1983). Therefore, whether an appeal is filed in a timely manner is a jurisdictional question. *Id.*

## V. When is a Judgment Considered Rendered Under Iowa Code Section 62.20?

Here, the district court relied on two cases in reaching its decision: *McIntosh v. Livingston,* 41 Iowa 219 (1875), and *Mentzer v. Davis,* 109 Iowa 528, 80 N.W. 557 (1899). In *McIntosh,* the court was dealing with the sufficiency of the notice under Iowa Code section 716 (1873), a predecessor to section 62.20. Section 716 (1873) was virtually identical to section 62.20 as to the time for appeal: "The party against whom judgment is rendered may appeal within twenty days to the circuit court." Iowa Code § 716 (1873). Although the issue regarding the timeliness of the notice of appeal was not before the court, the court did make reference to the fact that the notice need not be in writing:

> The first question made here is upon the sufficiency of the notice of appeal from the judgment of the court of contest to the Circuit Court. The statute (Code, Sec. 716 [1873] ), provides that the party against whom judgment is rendered by the court of contest may appeal within twenty days to the Circuit Court, but does not prescribe how the notice of appeal shall be served. In this case it appears that verbal notice of appeal was given and entered of record by the court of contest before it adjourned; and, acting upon such notice, the parties made an agreement as to the custody of the ballot-box and ballots pending the appeal. Without determining whether a written notice might not be necessary in an ordinary case, it seems to us that the giving of this notice by [the contestant] and the recognition of it, and the agreement upon it by [the incumbent], operated as a waiver of any further notice. By

analogy, also, to the regulations for appeals from justices of the peace (see Code, Sec. 3588), such a notice as given in this case would be sufficient. The sections of the Code referred to by counsel for appellant, as requiring notice to be in writing, expressly require that such notice be in writing (see Code, Secs. 469, 1254, 1831, 3178). By the statute providing for appeals from a court of contest, *it is not specified that the notice thereof shall be in writing.* There was no error, therefore, in refusing to dismiss the appeal.

*McIntosh,* 41 Iowa at 222 (emphasis added).

In *Mentzer,* the court had before it a notice pursuant to Iowa Code section 1222, the 1897 predecessor to section 62.20. It too was identical in language to section 62.20 as to the time for appeal. Unlike *McIntosh,* the court was dealing with an issue of timeliness of appeal. The losing party served notice of appeal after the election contest court announced its judgment. *Mentzer,* 109 Iowa at 530, 80 N.W. at 558. Holding that the notice of appeal was sufficient under the circumstances, this court said:

> [The appellee] says the notice of appeal was served before the decision of the court of contest was announced. There is no doubt that the notice was served before any formal entry of judgment was made by the court. But we think the trial court was justified in finding that the judges had in fact announced their decision *before* the notice was served. All that was done after that time was to reduce that decision to writing and file it with the proper authorities. In other words, the decision had been made before the appeal was taken, but the written evidence of that decision

had not been made. The appeal was not prematurely taken.

*Id.* (emphasis added).

For reasons that follow, we conclude the *Mentzer* decision is still good law.

 **A. Applicable law.** "A judgment is effective between the parties from the time it is rendered." 46 Am.Jur.2d *Judgments* § 71, at 428 (1994). Although generally

> no particular formal act is necessary to evince the rendition of a judgment, the question of how the expression of its decision by a court should be made before it can be considered the rendition of a judgment has been the subject of many statutes, rules of court, and judicial adjudications. As a general rule, a final judgment is deemed to be rendered, almost as a matter of definition, only when the court has disposed of the entire controversy in question.

*Id.* § 72, at 429. "Although ... a judgment is rendered and exists as such when it is orally announced from the bench, and before it has been reduced to writing and entered by the clerk, as a general rule a judgment must be reduced to writing." 49 C.J.S. *Judgments* § 75, at 150.

 Rendition of judgment and entry of judgment are two distinct acts:

> The rendition of a judgment is the judicial act of the court, whereas the entry of judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. Hence, the rendition of a judgment is usually distinguished from its filing or entry in the records, which should not be confused with the judgment itself. The judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court.

46 Am.Jur.2d *Judgments* § 123, at 469; *accord Burke v. Burke,* 142 Iowa 206, 210,

119 N.W. 129, 130 (1909) ("The rendition of a judgment is a judicial act, and the entry upon the record is purely ministerial.").

Several possibilities exist as to when a judgment is deemed to be rendered:

> With some exceptions, either at common law or by virtue of statutory provisions, the date of a judgment is the day on which it is actually rendered *or* entered. . . .
>
> [A] judgment is deemed to be rendered on the date when it is ordered or pronounced by the court, or when the trial judge in open court declares decision of law on the matters in issue, or when a formal order granting a motion for judgment on the verdict is signed, or, in the absence of contrary indication, when the clerk certifies receipt of the judgment for record, or when the clerk files the judgment.

49 C.J.S. *Judgments* § 118, at 189–90 (emphasis added).

In some cases, "the validity of a judgment is not affected by the delay of the clerk in entering it in the court records," . . . or by "the fact that the judge made no memorandum or bench note of the judgment before it was pronounced in court and duly entered." 46 Am.Jur.2d *Judgments* § 127, at 472. However,

> [f]or some purposes, . . . some entry or record of a judgment is necessary to its completion, and it has been held that, in order to give validity or vitality to a judgment, some written evidence that it has been rendered, contained in the papers or on the docket, is essential. Indeed, it is sometimes specifically provided by statute or rule of court that a judgment is ineffectual until it is entered.

*Id.*

 In Iowa, a judgment is "every final adjudication of any of the rights of the parties in an action." Iowa R. Civ. P. 1.951 (formerly rule 219). A judgment is final if it "conclusively determines the rights of the parties and is finally decisive of the controversy." *Waterhouse v. Iowa Dist. Ct.,* 593 N.W.2d 141, 142 (Iowa 1999). "[A] judgment is rendered when it is announced or when the judge signs an enrolled judgment order but . . . there is no competent evidence of such rendition until entry is made upon the court record." *World Teacher Seminar, Inc. v. Iowa Dist. Ct.,* 406 N.W.2d 173, 177 (Iowa 1987). A judgment is effective "when filed with the clerk, or as provided by rule 1.442(5)." Iowa R. Civ. P. 1.453 (formerly rule 115). All judgments must be entered on the record of the court. Iowa R. Civ. P. 1.959 (formerly rule 227).

 We find nothing in chapters 57 or 62 that provides for the application of the Iowa rules of civil procedure relative to when a judgment of the election contest court is effective. Moreover, "[t]he rules [of civil procedure govern] the practice and procedure in *all courts of this state,* except where they expressly provide otherwise or statutes not affected hereby provide different procedures in particular courts or cases." Iowa R. Civ. P. 1.101 (emphasis added) (formerly rule 1). The election contest court is not a "state" court. Rather it is a political court established by statute. *See* Iowa Code § 57.7. Additionally, the contested election statutes provide different procedures governing the operation of election contest courts. *See generally* Iowa Code ch. 62.

 The only reference to the rules of civil procedure is found in Iowa Code section 57.6, providing that "in all cases process and papers may be issued to and served in the manner provided by the rules of civil procedure for service of an original notice by the sheriff of any county." Iowa Code § 57.6. The legislature

therefore knew how to make the rules of civil procedure applicable to contested elections. The fact that it specifically did so as to one area of contested elections (service of process) meant it did not mean to do so in all other areas. *Meinders v. Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 637 (Iowa 2002) (recognizing the rule of "expressio unius est exclusio alterius," expression of one thing is the exclusion of another). We therefore conclude rule 1.453—providing that a judgment is effective when filed with the clerk—and rule 1.959—providing that all judgments must be entered on the record of the court—have no application here. Because there are no Iowa rules or statutes that dictate a contrary result, we hold that where the election contest court announces its decision orally in open court, that announcement is a rendition of the court's judgment and triggers the section 62.20 twenty-day period for appeal. *Cf.* Iowa R.Crim. P. 2.73(1) (formerly rule 54) (allowing defendant convicted of a simple misdemeanor to appeal "by giving notice orally to the magistrate at the time judgment is rendered. . . .").

At first blush, this holding may seem to invite uncertainty. However, we think for reasons that follow the opposite is true. Iowa Code section 62.18, pertaining to judgment, provides that "the court shall adjudge" the issue submitted to it. As the district court noted, there is no express requirement that the election contest court file a written judgment. In these circumstances, it would not be unusual for the election contest judges to simply announce their decision in open court without reducing it to writing. The parties hear the decision and therefore need no further proof that a decision has been reached. In these circumstances, certainty that the judges have "adjudged" the issue is therefore achieved, thereby triggering the twenty-day time period for appeal.

**B. Analysis.** Here, the parties were certainly aware of the election contest court's decision by the end of the hearing on February 21, 2002. The public knew, too, because the proceedings were recorded. The three election contest court judges voted on each challenge as it was presented, and announced their votes in open court. At the end of the hearing, the School District's attorney asked the election contest court to clarify:

> School District's Attorney: "Your honor, so that the record is clear, every non-withdrawn challenge has now been voted on [by] the election contest court, is that correct? Presiding Judge: "Yes."

> School District's Attorney: "Would you agree with that Mr. [Attorney for Contestants]? Attorney for Contestants: "That's a fact."

> School District's Attorney: "Ok, thank you, your honor." Presiding Judge: "This contest is closed."

At the end of the hearing, the contestants knew the court's decision, and could have appealed. The contestants' notice of appeal, filed twenty-five days later, was too late. The district court therefore lacked jurisdiction to hear the appeal and for that reason properly dismissed it.

**AFFIRMED.**